UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KARLISHA PRICE )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>GC SERVICES LIMITED PARTNERSHIP )<br>)<br>Defendant, ) | Civil Action No. **4:11-cv-02187** |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

KARLISHA PRICE ("Plaintiff") through the undersigned counsel, Dave Lilley, alleges the following against GC SERVICES LIMITED PARTNERSHIP, ("Defendant"):

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Karlisha Price, an individual consumer, against defendant GC Services Limited Partnership for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in **abusive, deceptive, and unfair practices.**

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

### PARTIES

3. Plaintiff, Karlisha Price is a natural person residing in St. Louis, Missouri.

4. Defendant, GC Services Limited Partnership is a partnership engaged in the business of collecting debt in this state with its principal place of business located at 6330 Gulfton, Houston, TX 77081. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff in May of 2010.

7. Defendant placed collection calls to Plaintiff, including a call after 9 o'clock postmeridian while Plaintiff was at work, seeking and demanding payment for an alleged consumer debt owed under an account number.

8. During collection calls, Defendant, threatened to garnish Plaintiff's wages, stating, "We can just go ahead and garnish your wages and get the whole 80 dollars," and, "We need a payment by this week or it's going to go to garnishment," as well as, "Well Ma'am, you can either pay this, or we can garnish your wages[.]"

9. During collection calls, Defendant called Plaintiff's mother, boss, and co-worker, alerting them to Plaintiff's alleged debt.

2

10. During collection calls, Defendant told Plaintiff's boss and co-worker that it was sending over garnishment papers, yet neither individual works in the human resources department at Plaintiff's place of employment.

11. Upon information and belief, to date, Defendant has taken no final, definite action to garnish Plaintiff's wages.

12. Upon information and belief, Defendant was given knowledge of Plaintiff's work hours, and that such calls both inconvenience Plaintiff and are prohibited by Plaintiff's employer.

13. Upon information and belief, Defendant continued to call Plaintiff at Plaintiff's workplace after she had already told them not to.

14. During collection calls, Defendant has lied to, or at the very least misled Plaintiff, by misrepresenting the amount of debt that it claims that Plaintiff allegedly owes.

15. During collection calls, Defendant has utilized unfair and unconscionable means to try to collect a payment amount on Plaintiff's alleged debt, by calling her place of employment to try to reach her in an attempt to try to collect on the alleged debt after she had already told Defendant not to, and by alerting both her boss and co-worker to the alleged debt.

16. During collection calls, Defendant has utilized unfair and unconscionable means to try to collect a payment amount on Plaintiff's alleged debt, by alerting her mother to the alleged debt, without Plaintiff's consent.

17. During a collection call, Defendant spoke to Plaintiff in an offensive and verbally abusive manner by telling Plaintiff, "Ma'am, you're just trying to get around paying your bills."

18. During collection calls, Defendant has utilized unfair and unconscionable means to try to collect a payment amount on Plaintiff's alleged debt, by lying to Plaintiff and also by speaking to Plaintiff in an offensive and verbally abusive manner.

19. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed.

## CLAIM FOR RELIEF

20. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

21. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692a(3)* by calling Plaintiff's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction; and

    (b) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (c) Defendant violated *§1692d(2)* of the FDCPA by using language the natural consequence of which was to abuse the hearer or reader; and

    (d) Defendant violated *§1692c(b)* of the FDCPA by contacting third parties in connection with the collection of the alleged debt without the consent of Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

    (e) Defendant violated §1692e(4) of the FDCPA by giving the representation or implication that nonpayment of any debt will result in the garnishment of the wages of Plaintiff, without intending to take said action; and

    (f) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

    (g) Defendant violated *§1692c(a)(1)* by calling Plaintiff in connection with the collection of the alleged debt after 9 o'clock postmeridian, local time at the consumer's location, which is an unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction.

22. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Karlisha Price for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant GC Services Limited Partnership for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff KARLISHA PRICE demands trial by jury in this action.

[ELECTRONIC SIGNATURE AFFIXED ON NEXT PAGE]

5

This 10th day of June, 2011.

                                          ALEX SIMANOVSKY & ASSOCIATES, LLC

                                          */s/ Dave Lilley*
                                        Dave Lilley, Esq.
                                        TX Bar No. 24035064
                                        Attorney for Plaintiff

Alex Simanovsky & Associates, LLC
1912 Loop 11
Wichita Falls, TX 76306
Phone: 1-866-865-3666, Ext. 1056
Fax: 877-570-5413

Corporate Office Address:
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Phone: (770) 414-1002, Ext. 1012
Fax: (770) 414-9891